Eric W. Swanis, Esq. (Bar No. 6840)
Tyler R. Andrews, Esq. (Bar No. 9499)
andrewst@gtlaw.com
Greenberg Traurig, LLP
3773 Howard Hughes Parkway
Suite 400 North
Las Vegas, Nevada 89169
Telephone: (702) 792-3773
Facsimile: (702) 792-9002
*Counsel for Plaintiff*
*Encore Music Presents Records, LLC*

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| ENCORE MUSIC PRESENTS RECORDS, LLC, a Nevada limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>Marty Ingels, an individual,<br><br>Defendant. | Case No. 2:10-cv-1107<br><br>COMPLAINT |

Plaintiff Encore Music Presents Records, LLC, (hereinafter "Encore Music"), by and through its undersigned counsel of record, GREENBERG TRAURIG, LLP, brings this action and complaint against Defendant Marty Ingels and alleges as follows:

PARTIES, JURISDICTION AND VENUE

1. Plaintiff Encore Music is a Nevada limited liability company authorized to do business in the State of Nevada, with its principal place of business located in Las Vegas, Nevada.

2. Upon information and belief, Marty Ingels (hereinafter "Ingels"), is an individual, residing in Encino, California.

3. This Court has diversity jurisdiction over the parties and this action under 28 U.S.C. § 1332(a) and (c) as there is complete diversity of citizenship between Encore Music and Ingels, and the amount in controversy exceeds $75,000.00.

4. Venue is proper in this judicial district under 28 U.S.C. §1391(a) because (a) a substantial portion of the events or omissions giving rise to the claims occurred in this

1 District, and (b) Nevada is the exclusive jurisdiction and the applicable law for all related
2 disputes under the express terms of the written agreement at issue.

## FACTS COMMON TO ALL COUNTS

4     5.      Encore Music is in the business of producing, marketing, and selling music.

5     6.      On July 29, 2009, Encore Music entered into an Exclusive Recording Agreement (the "Agreement") with Shirley Jones (the "Artist"), a renowned singer and actress, for the purposes of recording and producing a minimum of twenty four (24) songs for musical albums.

9     7.      The Artist executed the Agreement in her individual capacity. Defendant Ingels is not a party to the Agreement, nor was Defendant Ingels involved in negotiating the Agreement between Artist and Encore Music.

12     8.      Pursuant to the Agreement, the Artist acknowledged and affirmed an exclusive recording agreement with Encore Music throughout the term of the Agreement.

14     9.      Pursuant to the Agreement, Encore Music is the sole and exclusive owner of all rights attached to any music recorded and/or produced by Artist throughout the term of the Agreement, including but not limited to intellectual property rights, licensing rights, and merchandising rights.

18     10.      Pursuant to the Agreement, Artist is required to attend various photography sessions, interviews, and other media and promotion appearances upon the reasonable request of Encore Music, and at Encore Music's expense.

21     11.      Upon information and belief, Shirley Jones is married to Defendant Ingels.

22     12.      In or around November of 2009, Encore Music began receiving abrasive and threatening communications from Defendant Ingels relating to the Agreement, purportedly sent on behalf of Artist.

25     13.      From November of 2009 through at least May of 2010, Defendant Ingels continued to make threatening and abrasive communications to Encore Music, demanded additional money from Encore Music, and asserted that he would not allow Artist to perform her obligations under the Agreement if Defendant Ingels' repeated monetary demands were

LV 419,122,910v5 7-6-10

GREENBERG TRAURIG, LLP
Suite 500 North, 3773 Howard Hughes Parkway
Las Vegas, Nevada 89169
(702) 792-3773
(702) 792-9002 (fax)

unmet.

14. Defendant Ingels' communications further asserted that Encore Music was not to communicate with Artist directly, and that all such communication was first required to go through Defendant Ingels.

15. On May 28, 2010, due to Defendant Ingels' frequent communications to Encore Music, counsel for Encore Music sent a letter to Artist inquiring as to Artist's continuing obligations under the Agreement (the "Inquiry Letter"). The Inquiry Letter requested that Artist confirm or deny the various threats and demands of Defendant Ingels regarding the Agreement.

16. On June 2, 2010, in response to the Inquiry Letter, Defendant Ingels sent correspondence to Encore Music's counsel stating that Artist would not comply with her further obligations under the Agreement and threatening legal action against Encore Music for any further contact or communication with Artist.

17. Pursuant to the Agreement, Encore Music has invested and spent at least $75,000.00 in recording and producing songs and albums by Artist.

18. Encore Music cannot effectively promote or market the albums recorded under the Agreement without the participation of Artist.

19. Ingels had knowledge of Artist's written Agreement with Encore Music.

20. Ingels is intentionally preventing Artist from performing under the terms of the Agreement.

21. Ingels has intentionally interfered with the contractual relationship between Encore Music and Artist.

22. Ingels has intentionally interfered with Encore Music's prospective economic advantage.

23. Encore Music seeks injunctive relief preventing Ingels' intentional interference with the contractual relationship between Encore Music and Artist.

24. Encore Music seeks injunctive relief preventing Ingels' intentional interference with prospective economic advantage.

LV 419,122,910v5 7-6-10

## FIRST CLAIM FOR RELIEF

(Intentional Interference With Contractual Relations)

25. Encore Music incorporates by reference paragraphs 1 through 24 above as fully set forth herein.

26. At all times herein relevant, Ingels was fully aware that Artist, his wife, had entered into the Agreement with Encore Music to record and promote a minimum of 24 songs or their equivalent in playing time during the initial period of the Agreement.

27. Upon information and belief, Ingels deliberately prevented Artist from fulfilling her obligations under her Agreement with Encore Music.

28. The wrongful and intentional acts on the part of Ingels in interfering with Encore Music's rights and interest in its Agreement with Artist were designed to, and in fact did, interfere with and disrupt that contractual relationship.

29. Defendant Ingels has no legal right, privilege or justification for his conduct.

30. As a direct, proximate and legal result of the disruption of the Agreement between Encore Music and Artist, Encore Music has suffered harm and is entitled to recover damages from Ingels in an amount to be proven at trial.

31. Furthermore, since Ingels' conduct has made it necessary for Encore Music to engage the services of outside legal counsel to file this suit, Encore Music is entitled to recover its reasonable attorney fees and court costs incurred in connection herewith.

## SECOND CLAIM FOR RELIEF

(Intentional Interference with Prospective Economic Advantage)

32. Encore Music incorporates by reference paragraphs 1 through 31 above as fully set forth herein.

33. Encore Music has an expectation of economic benefit as result of its Agreement with Artist.

34. Ingels knows of Encore Music's need of the services provided by Artist to promote the songs and albums recorded pursuant to the Agreement.

35. Ingels is aware of the prospective economic advantage that Encore Music

**GREENBERG TRAURIG, LLP**
Suite 500 North, 3773 Howard Hughes Parkway
Las Vegas, Nevada 89169
(702) 792-3773
(702) 792-9002 (fax)

1  expects from its relationship with Artist.

2  36.  Despite this knowledge, Ingels continues to contact Encore Music with numerous threats and demands that Encore Music provide additional monetary and other consideration, and continues to prevent Artist from fulfilling her obligations under the Agreement.

6  37.  Defendant Ingels has no legal right, privilege or justification for his conduct.

7  38.  As a direct result of Ingels' intentional interference with prospective economic advantage, Encore Music has suffered harm, and will continue to suffer harm, and is entitled to recover damages from Ingels in an amount to be proven at trial.

10  39.  Furthermore, since Ingels' conduct has made it necessary for Encore Music to engage the services of outside legal counsel to file this suit, Encore Music is entitled to recover its reasonable attorney fees and court costs incurred in connection herewith.

13  //
14  //
15  //
16  //
17  //
18  //
19  //
20  //
21  //
22  //
23  //
24  //
25  //
26  //
27  //
28  //

LV 419,122,910v5 7-6-10

GREENBERG TRAURIG, LLP
Suite 500 North, 3773 Howard Hughes Parkway
Las Vegas, Nevada 89169
(702) 792-3773
(702) 792-9002 (fax)

PRAYER FOR RELIEF

WHEREFORE, Plaintiff Encore Music Presents, LLC prays for judgment against Defendant, Ingels as follows:

1. General and compensatory damages;

2. Special damages according to proof;

3. Injunctive relief prohibiting Ingels from intentionally interfering with Encore Music's Agreement with Artist;

4. Injunctive relief prohibiting Ingels from intentionally interfering with Encore Music's prospective economic benefit;

5. A judgment against Ingels for costs and reasonable attorneys' fees;

6. An award to Encore Music of such other and further relief as this Court deems just and proper under the circumstances.

DATED this 7th day of July, 2010

GREENBERG TRAURIG, LLP


   /s/ Tyler R. Andrews, Esq.                .
Eric W. Swanis, Esq. (Bar No. 6840)
Tyler R. Andrews, Esq. (Bar No. 9499)
andrewst@gtlaw.com
3773 Howard Hughes Parkway
Suite 400 North
Las Vegas, Nevada 89169
  *Counsel for Plaintiff*
  *Encore Music Presents Records, LLC*

LV 419,122,910v5 7-6-10